**JONATHAN P. VAN HOVEN, P.A.**
ONE NORTH CHARLES STREET
SUITE 1215
BALTIMORE, MARYLAND 21201
_____

(410) 576-0689
FAX (410) 576-9391
email: jon@vanhovenlaw.com

December 3, 2020

The Honorable Richard D. Bennett
United States District Judge
1010 W. Lombard Street
Baltimore, MD 21201

    Re:   *United States v. Walter Stanfield*
           RDB-19-485

Dear Judge Bennett:

    I am briefly writing in advance of the sentencing hearing for Mr. Stanfield that is scheduled for next week on December 10th. Pursuant to a written plea agreement with the Government, Mr. Stanfield entered a guilty plea to Count 12 of the Indictment, charging him with Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1). As noted by the Court at the time of the guilty plea, the parties resolved this matter pursuant to Rule 11(c)(1)(C) with a joint recommendation of 30 months, which is 16 months below the bottom of the agreed-upon Advisory Sentencing Guidelines in the this case. For the reasons that are sufficiently set forth in the excellent and thorough Presentence Report that was prepared in this matter, Mr. Stanfield requests that the Court agree to the joint recommendation and sentence him to the agreed-upon disposition of 30 months. Such a sentence would be more reasonable in light of the factors set forth in 18 U.S.C. §3553(a).

## Procedural Background

    Mr. Stanfield had his Initial Appearance on January 22, 2020 in the aftermath of his arrest on the Indictment in this case. He was charged in Count 1: Conspiracy to Distribute and Possess with Intent to Distribute Controlled Dangerous Substances, in violation of 21 U.S.C. § 846; and Count 12: Distribution of Cocaine, in violation of 21 U.S.C. § 841(a)(1). He was released the next day at his Detention Hearing and has been successfully supervised by Pretrial Services on the location monitoring program since that time.

    The parties' were able to quickly reach a resolution of this matter. As noted in the agreed statement of facts, Mr. Stanfield was involved in low quantity street level hand-to-hand sales of controlled substances. He appeared before the Court and pleaded guilty to Count 12. It is expected that Count One will be dismissed at the time of sentencing.

    While the matter has been pending, the conditions of release were modified in order for Mr. Stanfield to obtain employment. He has been working as an electrician's helper for the past few months.

<u>Advisory Guidelines</u>

The guidelines are not in dispute. As correctly calculated by U.S. Probation, the conduct in this matter places him at Offense Level 21 after a three level reduction for his acceptance of responsibility. He is in Criminal History Category III based on his three prior low level drug possession convictions. His guidelines sentencing range is 46-57 months.

<u>3553(a) Factors</u>

As noted in the PSR, Mr. Stanfield never knew his father. Although he was raised by a loving mother, the conditions of his childhood were not so ideal. At some points, his family was homeless and often were without food. They had to stay with other extended family members on several occasions.

Although he is only 20, Mr. Stanfield has had numerous difficult life experiences that are detailed in the PSR. This has left him feeling helpless in the past wherein he suffered from periods of depression and resorted to drug and alcohol use as a coping mechanism.

To his credit, Mr Stanfield has held gainful employment even during the pendency of this case. He has also been in a steady relationship for years, yet has wisely refrained from moving too quickly and starting a family until he is older and better situated to do so.

Mr. Stanfield has also tried to address his drug and alcohol dependency. As a result of one of this prior possession convictions, he successfully attended outpatient treatment at Mountain Manor in the past few years.

Mr. Stanfield wishes to continue to address certain deficiencies in his life, including his need to complete a GED, go back to drug treatment and also obtain vocational training. All of these goals can be accomplished within the timeframe of the sentence contemplated by the parties.

Although the requested sentence is slightly below the Advisory Guidelines, it is more reasonable under the circumstances of this case and no greater than necessary to accomplish all of the sentencing goals under 18 U.S.C. §3553(a). Mr. Stanfield has never served any appreciable time in confinement prior to his arrest in this case. Additionally, he has made efforts to address his drug dependency with success. He has been able to seek and maintain regular employment. He clearly wants to do better for himself.

For all of these reasons, and for additional arguments to be made at the time of sentencing next week, counsel respectfully requests that the Court agree to the joint recommended sentence of 30 months. We additionally request that the Judgment include a recommendation for Mr. Stanfield to be designated to a prison camp close to Baltimore, that he be referred for any available vocational training, a GED program and also placed in the 500 hour Residential Drug Abuse Program (RDAP).

Respectfully,

/s/

Jonathan P. Van Hoven

Cc: All parties of record via ECF